# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.H. and G.H.**

**No. 18-0002** (Monongalia County 15-JA-51 and 52)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.H., by counsel Kristen Antolini, appeals the Circuit Court of Monongalia County's December 4, 2017, order terminating his parental rights to C.H. and G.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley V. Williams Hunt, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 27, 2015, the DHHR filed a petition alleging abuse and neglect by petitioner toward his two children. Specifically, the petition alleged that petitioner's severe substance abuse rendered him unable to properly parent. On September 22, 2015, petitioner stipulated to the allegations set forth in the petition and he was adjudicated as an abusing parent. On November 10, 2015, the circuit court held a dispositional hearing. The hearing was continued and petitioner was granted a six-month post-adjudicatory improvement period.

According to the guardian, petitioner was incarcerated in March of 2016 following a "string of criminal acts." Subsequently, petitioner completed six months of inpatient substance abuse treatment, but was discharged upon violations of the facility's policies. However, on May 2, 2016, the circuit court granted petitioner's motion for a post-dispositional improvement period.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

After multiple extensions to his post-dispositional improvement period, on August 1, 2017, the circuit court held a dispositional hearing. The DHHR presented testimony that, while at a treatment facility, petitioner relapsed and was subsequently incarcerated. Although petitioner had returned to the treatment facility and was approximately ninety days sober at the time of the dispositional hearing, the DHHR nonetheless presented evidence that he failed to maintain consistent long-term sobriety since the initiation of the proceedings. The DHHR recommended termination of petitioner's parental rights in order for the children to achieve permanency. Based on the evidence, the circuit court found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests. At the close of the hearing, the circuit court asked the parties to submit proposed findings of facts and conclusions of law within twenty-one days. The circuit court inadvertently entered the DHHR's order prematurely.

Petitioner moved for reconsideration of the dispositional order entered on August 18, 2017. On November 9, 2017, a hearing was held on that motion. The circuit court again heard testimony and proffer from all counsel regarding the appropriate disposition in the matter. The DHHR presented evidence that petitioner relapsed and was expelled from a rehabilitation facility, that he absconded from probation, and was evading arrest. The DHHR and the guardian recommended termination of petitioner's parental rights. Accordingly, the circuit court affirmed the findings in the dispositional order after being thoroughly advised of the repercussions each dispositional alternative would have on the permanency of the children. The circuit court noted that petitioner should be allowed visitation with the children, pending his sobriety. The circuit court ultimately terminated petitioner's parental rights in its December 4, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

---

[2]The mother's parental rights were terminated below. According to the guardian and the DHHR, the permanency plan for the children is adoption by the maternal grandfather.

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. Further, West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "the abusing parent . . . [has] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment."

Here, it is clear from the record that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future due to his continued substance abuse. Petitioner failed to demonstrate his ability to remain sober or complete drug rehabilitation treatment. During the proceedings, petitioner relapsed, was incarcerated due to his drug use, and was discharged from a treatment facility. At the hearing on petitioner's motion for reconsideration, evidence was presented that petitioner had again relapsed and had been expelled from the rehabilitation facility subsequent to the dispositional hearing, absconded from probation, and was evading arrest. The circuit court noted at the dispositional hearing that the children were young and that it was in their best interests for permanency to be established, as the proceedings had been ongoing for nearly two years. Based on this evidence, we find no error in the circuit court's termination of petitioner's parental rights.

Petitioner further argues that the circuit court "did not have a full understanding of the available dispositions and the consequences of said dispositions." We find this argument to be meritless. The circuit court opined that future visitation may be beneficial to the children if petitioner could achieve long-term sobriety and was advised by counsel the means in which visitation could later be achieved. The circuit court noted at the November 9, 2017, hearing, "[t]hank you, counsel, for educating the judge today . . . I want these children adopted by the paternal grandparent if he is a good candidate for adoption. But I want to leave the door open for a potential relationship between [the children and their parents]." Therefore, we find that petitioner is entitled to no relief in this regard.

Lastly, petitioner argues that the circuit court failed to make findings of fact and conclusions of law in the matter. We also find this argument to be meritless. Although the circuit court admittedly entered the DHHR's proposed order prematurely, the circuit court held a subsequent hearing, heard additional evidence, and confirmed its adoption of the DHHR's dispositional order, which made the dispositional findings required by West Virginia Code § 49-4-604(b)(6) for termination of parental rights. Further, while petitioner argues that the circuit court failed to enter an order within ten days of the final dispositional hearing in accordance with Rule 38 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, petitioner fails to acknowledge that all parties, including counsel for petitioner, agreed to submit proposed findings of fact and conclusions of law no later than twenty-one days after the dispositional hearing. Therefore, we find petitioner is not entitled to relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 4, 2017, dispositional order is hereby affirmed.

3

Affirmed.


**ISSUED**:  May 14, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4